IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEBRA JOYCE CLACKER, #159516,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:06-CV-172-WHA** |
| **GLADYS DEESE, FRANK ALBRIGHT** ) | |
| **and DR. SAMUEL ENGLEHARDT,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
OR, IN THE ALTERNATIVE, MOTION FOR AN EXTENSION OF TIME
TO COMPLY WITH THIS COURT'S ORDER FOR SPECIAL REPORT AND ANSWER**

COMES NOW, Defendant DR. SAMUEL ENGLEHARDT ("Dr. Englehardt"), appearing for the sole purpose of filing this Motion,[1] and moves this Court to quash service of the Summons and Complaint filed by Plaintiff DEBRA JOYCE CLACKER ("Plaintiff"), as service of process has not been perfected upon Dr. Englehardt. In support of this Motion, Dr. Englehardt states as follows:

1.  Dr. Englehardt is a licensed physician in the state of Alabama. (Affidavit of Samuel Englehardt, M.D. ("Englehardt Affidavit") at ¶ 2). Dr. Englehardt is currently employed as a physician at Julia Tutwiler Prison for Women ("Tutwiler"). (Id.). A true and correct copy of the Englehardt Affidavit is attached hereto as **Exhibit "A"** and incorporated herein by reference.

2.  Plaintiff is an inmate currently incarcerated at Tutwiler. (Id. at ¶ 3).

---

[1] In making this appearance for the purpose of filing this Motion, Dr. Englehardt does not consent to the exercise of personal jurisdiction by this Court, accept service of process in this matter, relinquish any obligation upon Plaintiff to properly effectuate service upon Dr. Englehardt or otherwise waive any defense that he may possess or be entitled to assert pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*.

92692.2

3.     On or about February 24, 2006, Plaintiff filed a Complaint, initiating this civil action against Dr. Englehardt. (Id. at ¶ 4). A true and correct copy of the Complaint filed by Plaintiff against Dr. Englehardt is attached to the Englehardt Affidavit as **Exhibit "1."**

4.     As of the date of this Motion, Plaintiff has not effectuated service of process of the Summons and Complaint upon Dr. Englehardt as required by Rule 4 of the *Federal Rules of Civil Procedure*. (Id. at ¶ 5). Rather, the Certified Mail Return Receipt shows that service was signed by an individual named "Susie Mims" on March 21, 2006, not by Dr. Englehardt. (Id.). A true and correct copy of the Certified Mail Return Receipt is attached hereto as **Exhibit "B"** and incorporated herein by reference.

5.     Dr. Englehardt does not recall ever being introduced to, meeting or otherwise knowing any individual by the name of "Susie Mims." (Id. at ¶ 6). Dr. Englehardt does not know where "Susie Mims" lives or works. (Id.). Dr. Englehardt does not recall ever communicating with an individual by the name of "Susie Mims" in person, in writing, via telephone or by any other means. (Id.).

6.     No individual by the name of "Susie Mims" ever notified Dr. Englehardt that she had signed a Certified Mail Return Receipt or received any mail or package addressed to Dr. Englehardt. (Id. at ¶ 7). Dr. Englehardt has not at any time authorized any individual to accept service of process on his behalf. (Id.). "Susie Mims" was not authorized in any way by Dr. Englehardt to accept service on his behalf at any time, including March 21, 2006 (the date on which "Susie Mims" apparently signed the Certified Mail Return Receipt). (Id.).

7.     Dr. Englehardt learned of the filing of this action when he was contacted by undersigned counsel on or about April 10, 2006. (Id. at ¶ 8). At no time prior to April 10, 2006,

had Dr. Englehardt received by mail, facsimile, hand-delivery, Federal Express or any other means any copy of the Summons and Complaint in this action. (Id.).

8.   Dr. Englehardt has not attempted in any way to avoid service of process or otherwise evade the jurisdiction of the Court presiding over this action. (Id. at ¶ 9). Dr. Englehardt has maintained his normal work schedule since the filing of this action and has not refused any mail or other deliveries of any kind sent to his attention at Tutwiler or at his residence. (Id.).

9.   Rule 4 of the *Federal Rules of Civil Procedure* states:

> . . . . *service upon an individual* . . . may be effected in any judicial district of the United States: (1) *pursuant to the law of the state in which the district court is located*, or in which service is effected, for the service of summons upon the defendant in an action brought in the courts of general jurisdiction of the State; *or* (2) *by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process*.

FED. R. CIV. P. 4(e)(1)-(2) (emphasis added).

10.   Rule 4 of the *Alabama Rules of Civil Procedure*, the state in which the Court presiding over this action is located, states:

> [s]ervice of process . . . shall be made . . . . *upon an individual* . . . *by serving the individual or leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process*.

92692.2                                                3

ALA. R. CIV. P. 4(c)(1) (emphasis added).[2]

11. Additionally, Rule 4 of the *Alabama Rules of Civil Procedure* provides that service upon an individual may be perfected by ***serving the individual by certified mail*** by "fil[ing] a written request with the clerk for service by certified mail." Id. at 4(i)(2)(A). The clerk then places "a copy of the process and complaint . . . to be served in an envelope to the person to be served with instructions . . . to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered." Id. at 4(i)(2)(B).

12. Pursuant to the Rule 4 of the *Alabama Rules of Civil Procedure*, "***[s]ervice by certified mail shall be deemed complete and time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt.*** Pursuant to Rule 4 of the **Alabama Rules of Civil Procedure,** *an "'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee.*" Id. at 4(i)(2)(C) (emphasis added).

13. Alabama courts have held that "strict compliance with the Rules of Civil Procedure regarding service of process is required." Wright v. Rogers, 571, So. 2d 90, 91 (Ala. Civ. App. 1983); Aaron v. Aaron, 571 So. 2d 1150, 1151 (Ala. Civ. App. 1990).

14. Service by certified mail is not perfected and Rule 4 of the *Alabama Rules of Civil Procedure* is not strictly complied with if the certified mail return receipt does not bear the signature of the individual to whom it is addressed and there is no evidence that the individual signing the certified mail return receipt was an agent specifically authorized to receive and

---

[2] Pursuant to Rule 4 of the *Federal Rules of Civil Procedure*, service must be perfected by the defendant "within 120 days after the filing of the complaint" or the action is subject to dismissal. FED. R. CIV. PRO. 4(m).

92692.2                                              4

deliver mail to the addressee.  Duncan v. S.N., 907 So. 2d 428, 430-32 (Ala. 2005); Cain v. Cain, 892 So. 2d 952, 955-56 (Ala. Civ. App. 2004).

15. Furthermore, Alabama courts have held that "***actual knowledge of an action 'does not confer personal jurisdiction without compliance with Rule 4.'***"  Cain, 892 So. 2d at 955 (Ala. Civ. App. 2004) (emphasis added); Gaudin v. Collateral Agency, Inc., 624 So. 2d 631, 632-33 (Ala. Civ. App. 1993).  Similarly, federal courts have overwhelmingly held that:

> *. . . . actual notice does not dispense with the requirements for proper service of process . . . If actual notice could substitute for proper service of process, it would be nonsensical for the Federal Rules of Civil Procedure to provide for a motion to dismiss based on insufficiency of service of process . . . because no such motion could be filed without actual notice of the lawsuit*.  Thus, actual notice of this lawsuit by defendants does not substitute for adequate service of process. . . .  In sum, the Court has no jurisdiction over the defendants unless or until service of process is effectuated.

Grzeskowiak v. Dakota Bridge Builders, 241 F. Supp. 2d 1062, 1064 (D. N.D. 2003) (emphasis added) (citing Dahl v. Kanawha Invest. Holding Co., 161 F.R.D. 673, 682 (N.D. Iowa 1995)); Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991) ("[I]t is well recognized that a "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements. . . . a defendant's knowledge of a lawsuit will not serve to 'cure the deficiencies in service.'") (citing Way v. Mueller Brass Company, 840 F.2d 303, 306 (5th Cir. 1988) and Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982)); Madaffari v. Metrocall Cos. Group, 2004 U.S. Dist. LEXIS 325, at *6-7 (N.D. Ill. Jan. 9, 2004) ("[A] defendant's actual notice of a complaint does not mean that valid service of process has occurred.").

16. An individual named "Susie Mims" attempted to accept service on Dr. Englehardt's behalf.  However, "Susie Mims" was not authorized by Dr. Englehardt to receive his mail and deliver that mail to him or otherwise act as Dr. Englehardt's agent.

17.    Based on the foregoing statement of facts and law, service of process on Dr. Englehardt is due to be quashed because Plaintiff has failed, as of this date, to effectuate service of process of the Summons and Complaint upon Dr. Englehardt.

WHEREFORE, PREMISES CONSIDERED, Dr. Englehardt respectfully requests this Court: (a) quash service of process on Dr. Englehardt and require Plaintiff to properly perfect service on Dr. Englehardt within 120 days after this action was initiated or dismiss her action; or (b) in the alternative, extend the time within which Dr. Englehardt has to comply with this Court's Order for Special Report and Answer dated March 20, 2006, an additional sixty (60) days.

Respectfully submitted on this the 28th day of April, 2006.

/s/ Douglas B. Hargett
One of the Attorneys for Dr. Samuel Englehardt

**OF COUNSEL:**

David B. Block
William R. Lunsford
Douglas B. Hargett
BALCH & BINGHAM LLP
Post Office Box 18668
Huntsville, AL 35804-8668
Telephone: (256) 551-0171
Facsimile: (256) 512-0119

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and service will be perfected by e-mail to the CM/ECF participants or by postage prepaid first class mail to the following this the 28th day of April, 2006:

Debra Joyce Clacker
AIS# 159516
JULIA TUTWILER PRISON FOR WOMEN
8966 US Highway 231 North
Wetumpka, AL 36092
*Pro Se*

Alabama Department of Corrections
Kim Thomas
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130-1501

                                                  */s/ Douglas B. Hargett*
                                                  Of Counsel