IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA JOYCE CLACKLER ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-172-WHA |
| GLADYS DEESE, ET AL. ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## SPECIAL REPORT

COMES NOW the Defendant, Frank Albright, by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in accordance with this Honorable Court's March 20, 2006 Order, offers the following written report:

## PARTIES

1. The Plaintiff, Debra Joyce Clackler is an Alabama Department of Corrections (ADOC) inmate currently incarcerated in the Julia Tutwiler Prison for Women (Tutwiler).

2. The Defendant, Frank Albright is currently employed as a Warden III with ADOC at Tutwiler.

3. Gladys Deese is no longer an employee of ADOC. A review of PACER shows that an ADOC employee named Susie Mims purportedly accepted service for Ms. Deese, a former employee. ADOC employees are not authorized to accept service for former employees and for this reason, there is insufficiency of service. The undersigned is

not authorized to represent Ms. Deese until she is served and seeks representation through ADOC's general counsel.

## EXHIBIT

Exhibit 1 – Affidavit of Warden Frank Albright

## PLAINTIFF'S CLAIMS

Plaintiff in her complaint goes into great detail describing medical diagnoses she has received and what she alleges to be inadequate medical treatment. She asserts inadequate medical treatment constitutes deliberate indifference. The allegations against the named ADOC personnel Gladys Deese and Warden Frank Albright are sparse. Though she is not a served defendant, it should be noted that Gladys Deese's name is only mentioned twice, in the heading on page one of the complaint and with a statement of her alleged address which is preceded by "Name and address of individuals who violated my constitutional rights."

Plaintiff alleges on page 2 of her complaint, "Deliberate indifference was also exercised when I was transported to Louisiana on October 14, 2004, and denied access to medical treatment." However, plaintiff inconsistently alleges on the bottom of page 3 of her complaint, "On November 2, 2004, I saw Dr. Tasson of the South Louisiana Correctional Center. He diagnosed…"

Warden Frank Albright is minimally mentioned in the body of the inmate's complaint. Plaintiff states on page 3 of her complaint, "On September 3, 2004, I filed a medical complaint with healthcare and sent a request to Warden Albright." Her complaint does not enlighten the reader, what, if any, Warden Albright's response was. Finally, on the bottom of page 5 and top of page 6, Plaintiff alleges, "Then I sent a

request and a copy of the grievances to Deputy Warden Albright. I did not get a response from healthcare or Warden Albright."

## DEFENDANT'S RESPONSE

1. The Defendant denies that he denied medical care to the Plaintiff, and affirmatively states that Plaintiff was provided with full access to medical care while at Tutwiler and in Louisiana.

3. The Defendant denies that he was deliberately indifferent to the Plaintiff's right to medical care.

4. The Defendant denies that the Plaintiff's Eighth Amendment rights were violated.

5. The Defendant denies that any of the Plaintiff's constitutional rights have been violated.

6. The Defendant denies all material allegations not expressly admitted herein and demand strict proof thereof.

7. The Plaintiff has failed to state a claim upon which relief may be granted.

8. The Defendant asserts the defenses of qualified immunity and immunity under the Eleventh Amendment.

9. The Defendant can not be held liable based on the theory of respondeat superior under 42 USC 1983.

## STATEMENT OF FACTS

Inmate Debra Clackler was temporarily transferred from Tutwiler to South Louisiana Correctional Center in Basile, Louisiana on October 14, 2004. (Ex. 1, Pg. 1) Prior to transfer, a determination was made that inmate Clackler met the criteria for

3

transfer and she was cleared both physically and mentally by health providers. (Ex. 1, Pg. 1)  In inmate Clackler's file there a note written by a Ms. Tracie Brown dated August 12, 2003 which states, "Per medical, she can never transfer out of state!"   (Ex. 1, Pg. 12) There is no explanation of why that note is in the file and there is no corroborating document or information in her medical file.  Ms. Brown now resides in Arkansas. Medical cleared inmate Clackler for transfer out of state after the date on the note and in effect superceded it.

    While Frank Albright was monitoring South Louisiana Correctional Center in Basile, Louisiana, he was advised by inmate Debra Cleckler that she was ill. (Ex. 1, Pg. 1)  Warden Albright recommended that inmate Clackler be returned to Tutwiler so that she could be seen by Tutwiler's physicians. (Ex.1, Pg. 1)  Inmate Clackler was returned to Tutwiler per transfer orders dated March 24 and 25, 2005. (Ex. 1, Pg. 1-2)  The standard procedure for medical prisoner returnees is that are to be seen by medical personnel the next business day to be screened for medical complaints and inmate Clackler was so screened on March 25, 2005. (Ex. 1, Pg. 2)

    Dr. Peasant saw inmate Clackler on April 4, 2005 and April 12, 2005 for the mass on her side. (Ex. 1, Pg. 2)  An ultrasound was ordered and an outside consult with Dr. Daly was scheduled.  Dr. Daly saw inmate Clackler on May 16, 2005. (Ex. 1, Pg. 5) On May 17, 2005, the process was started to schedule another appointment with Dr. Daly for removal of the mass on June 24, 2005. (Ex. 1, Pg. 2, 19) On May 8, 2005, inmate Clackler sent an Inmate Request Form to Warden Albright seeking medical care. (Ex. 2, Pg. 2-3)  For security reasons, inmates are not informed of pending outside appointments

and therefore Warden Albright did not respond to her May 8th request because he knew of the pending outside appointment on May 16, 2005. (Ex. 1, Pg. 2)

The next time inmate Clackler informed Warden Albright that she was experiencing medical problems was in November, 2005 when she saw Warden Albright in the hallway at Tutwiler. (Ex. 1, Pg. 2) Clackler informed Warden Albright that she was in need of medical care and had filed complaints but medical had not attended to her problems. (Ex. 2, Pg. 2) Plaintiff had in her possession a written medical complaint. (Ex. 1, Pg. 19) Warden Albright informed Clackler her complaint needed to be on a medical complaint form and also requested copies of any medical complaints she had submitted that had gone unanswered. (Ex. 2, Pg. 2) Clackler returned to her cell and retrieved copies of complaints to which she stated she received no response. (Ex. 1, Pg. 2, 14-20) Warden Albright wrote to PHS Senior Administrator Marilee Moore and requested copies of responses to Clackler's grievances for October, 2005. (Ex. 1, Pg. 13, 14, 20) Ms. Moore provided a written response. (Ex. 1, Pg. 22)

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish her prima facie entitlement to summary judgment by showing the absence of genuine issues and that she is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried,

5

however, the non-moving party may not merely rest upon her pleading, but must come forward with evidence supporting each essential element of her claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving her action, is able to show some evidence with respect to each element of her claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## ARGUMENT

**I. Warden Albright was not deliberately indifferent to the Plaintiff's medical needs.**

The Eleventh Circuit has noted four factors required to state a claim of deliberate indifference to medical needs: "Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

6

The Plaintiff has sued the Warden Frank Albright for medical indifference. In *Estelle v. Gamble*, the United States Supreme Court noted that "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." 429 U.S. 97, 107 (1976). The Court described this type of decision as a "matter for medical judgment." *Id*. Like the Plaintiff in this case, the inmate plaintiff in *Estelle v. Gamble* had seen a physician on numerous occasions, but he claimed that "more should have been done by way of diagnosis and treatment" and that "a number of options . . . were not pursued." *Id*. On remand from the United States Supreme Court, the Fifth Circuit considered whether the warden and corrections director had been deliberately indifferent to the inmate's medical needs. *Gamble v. Estelle*, 554 F.2d 653 (5th Cir. 1977) (per curiam). The court found that the inmate had failed to produce evidence to indicate that these officials had been deliberately indifferent "by means of interference with the prison doctor's performance or in any other manner which would satisfy the Supreme Court standard." *Id*. at 654.

In the case before this Court, it is undisputed that the Plaintiff has received treatment from both prison physicians and free-world physicians. The decisions to perform various tests, recommend surgery and when to perform the surgery are the result of the medical judgments of physicians, not the Defendant. The affidavit of Warden Albright shows that he in no way hindered a physician's performance of his duties. In fact, upon receiving complaints from the Plaintiff, he confirmed she was receiving adequate medical care. The facts show that he permitted the physicians to make their own assessments of the Plaintiff's conditions. Like the inmate plaintiff in *Estelle v. Gamble*, the Plaintiff wants more to be done by way of treatment and wants other options

pursued. Just as in *Estelle v. Gamble*, however, the course of treatment is the subject of medical judgment and cannot possibly rise to the level of cruel and unusual punishment by Warden Albright.

Moreover, the Plaintiff cannot establish that the Defendant has been, or continues to be, deliberately indifferent to her serious medical needs. The Plaintiff does not claim that the Defendant prevented her from having access to the HCU at Tutwiler or Louisiana. The undisputed facts show that the Plaintiff was regularly seen by HCU medical staff. Although the Plaintiff is unhappy with the treatment plan put in place by her physicians, the Defendant cannot substitute his own judgment for that of the physicians who have treated, and continue to treat, the Plaintiff. From the face of the Complaint, it is clear that the Defendant has not displayed an objectively insufficient response to the Plaintiff's medical needs.

Plaintiff states some specifics concerning Warden Albright's alleged medical indifference. She claims on the on the third page of her handwritten complaint that she sent a request to Warden Albright on September 3, 2004. She does not elaborate as to any detail of that request and does not allege it was unanswered. There is no record of this alleged request.

On page two of her handwritten complaint, Plaintiff alleges her mere transport to Louisiana constituted medical indifference and that while in Louisiana she was denied access to health care. As has previously been shown, she met the medical criteria for transfer as determined by the medical providers. Plaintiff further admits on the bottom of page three of her handwritten complaint that she had access to medical care in Louisiana as she saw Dr. Tasson on November 4, 2004.

The record specifically shows that Plaintiff sent a request to Warden Albright on May 8, 2005. The record also reflects that Warden Albright did not respond to this request because he knew of Plaintiff's pending outside appointment and alerting her to this pending appointment could pose a security risk.

Plaintiff further alleges she complained of her medical care in November, 2005. Warden Albright took the reasonable step of writing Ms. Moore and ensuring that Plaintiff was receiving adequate medical care.

II.  **Warden Albright is entitled to immunity under the Eleventh Amendment to the United States Constitution and principles of qualified immunity.**

To the extent that Warden Albright is sued in his official capacity, this case should also be dismissed because Warden Albright is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment, therefore, not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is

in reality a suit against the State; thus, Warden Albright is immune from suit under the Eleventh Amendment.

To the extent that Warden Albright is sued in his individual capacity, he is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)); *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878 (1979). As demonstrated in section I of this Special Report, Warden Albright has not violated a clearly established right of the Plaintiff, and thus, he is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss the claims against him.

Respectfully submitted,

TROY KING
Attorney General

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 1st day of May, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

> Debra Joyce Clackler, AIS 159516
> Tutwiler Prison for Women
> 8966 US Hwy 231 N
> Wetumpka, AL  36092

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General